HARRIET L. BULKLEY, APPELLANT, *v.* PETER STAATS, EXECUTOR, ETC., OF CHARLES CURRY, DECEASED, RESPONDENT, IMPLEADED WITH OTHERS.

*Trust — when a fund, held by an executor for a child, may be reached by one who has a claim against the child for board and schooling, furnished at the request of the child's general guardian.*

One Curry died leaving a will by which he gave to his only child, a daughter about eight years old, all his property, with the income and profits thereof. He directed his executor to take charge of his property and rent his real estate until his daughter should come of age, and requested him to provide her with a suitable home and see to her education and pay for the same out of his property, authorizing him to sell the real estate during her minority, and the furniture if he thought it best for the interest of the child. The executor qualified and one Griffin was appointed general guardian for the child. The guardian placed her at the plaintiff's boarding school, and there is now due to the plaintiff for board, tuition and supplies furnished some $434.

*Held,* that the plaintiff could maintain an action against the executor, the general guardian and the infant, to procure a judgment compelling the executor to pay from the funds in his hands belonging to the child such amount as might be necessary to satisfy the plaintiff's claim. (PRATT, J., dissenting.)

APPEAL from a judgment in favor of the defendant Staats, entered upon the report of a referee.

*Edward C. Delavan,* for the appellant.

*Elbert P. James,* for the respondent.

DYKMAN, J.:

Charles Curry died leaving an only daughter named Ella Curry, about eight years of age. He also left a last will and testament by which he gave all his property to this daughter, with the income and profits thereof. By it he also desired his executor, the defend-

ant Peter Staats, to take charge of his property, rent out the real estate, take care of his household furniture and other property until his daughter attained the age of twenty-one years. Then follow these words: "And I do request that my said executor shall provide my said child with a suitable home, and see to her education and pay for the same out of my said property, and to sell and convey my real estate at any time during the minority of my said daughter, and also sell my furniture at any time, if in his judgment it will be for the interest of my said child."

The will was proved and Staats became the executor, and the defendant Herbert Griffin was appointed the general guardian of the child Ella. He placed her at school with the plaintiff, who is the proprietor of a boarding school, and there is due to her for board, tuition and supplies furnished to the child, $434.68.

This action is brought to procure the application of the money of the child to the payment of the plaintiff's claim, and there is sufficient for that purpose now in his hands. It is to be noticed that by this will the property is all given to the child absolutely, and then the executor is clothed with a power of sale. Then the executor is requested to take charge of the property, rent the real estate, provide the child with a suitable home, see to her education "and pay for the same out of my said property." So it comes to this: the executor holds property belonging to this child, out of which he is to pay sufficient to provide her with a suitable home and her education. The fund is held in trust for that purpose, and its application can be enforced by the courts. It is quite immaterial what the action is called which is instituted to enforce this duty resting on the executor. There is but one form of action in this State. (Code Civil Pro., § 3339.) In the administration of justice our courts are untrammeled by distinctions between legal and equitable remedies. They are all abolished, and parties are no longer turned out of court, because they make mistakes in the remedy they pursue. On the contrary, if the case they make entitles them to any remedy, it must be granted where an answer has been interposed, even in disregard of the prayer for relief. (*Emery* v. *Pease*, 20 N. Y., 62.)

In view of these principles there has been an evident miscarriage of justice in this case. This is not an action to reach assets and apply them to the payment of a claim. It is an action to compel

the performance of a duty ; or, if you please to call it so, an action to enforce and compel the execution of a trust. The contract for the maintenance and education of this child was made by her guardian with the plaintiff, with the knowledge of the executor, and the justice of the claim is manifest and undisputed. The executor has in his hands a fund expressly appropriated by the will to the payment of claims like that of the plaintiff, and the court will compel its application in this case. A trust has been created by the will for the payment of this and other similar debts, and the courts are bound to take care that the trust is executed. The assets and property of this estate were placed under the jurisdiction of the court by the creation of the trust. (*Benson* v. *Le Roy*, 4 Johns. Ch., 650.)

No difficulty will be experienced in entering the proper judgment. It was proper to make the infant child and her general guardian parties to the action, to the end that they might be afforded an opportunity to dispute and litigate the plaintiff's claim. Besides, it is the property of the child in the hands of the executor which is sought to be applied to the payment of the claim. The executor is a proper party, because he is to be forced to the performance of his duty. The judgment will be in form against all the defendants for the amount of the plaintiff's claim, to be paid by the executor out of the funds in his hands appropriated to that purpose by the will.

The judgment should be reversed, the order of reference vacated, and a new trial granted at the circuit, costs to abide the event.

BARNARD, P. J., concurred.

PRATT, J. (dissenting) :

That a meritorious cause of action should be completely proved, no suggestion made of a defense upon the merit, and yet the complaint be dismissed with a double bill of costs, is a reproach to the administration of justice. Whether the plaintiff should have been allowed judgment in her favor against the guardian in this equitable action, though the cause of action was a legal one, and whether judgment should have gone against the infant defendant, for the reasons furnished, are questions which it will not profit to discuss, as no appeal is taken from the judgment in their favor.

As to the defendant executor, we think the complaint was properly dismissed. Under the circumstance of the case it should have been done without costs.

The judgment appealed from should be modified by striking out the costs allowed Peter Staats; and thus modified it should be affirmed, without costs.

Judgment reversed and new trial granted at circuit.